IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-CR-294-BO
NO. 5:13-CV-847-BO

| | |
|---|---|
| HERBERT SIRVAN MARQUET BURTON, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion seeking reconsideration of the

Court's March 12, 2014, order dismissing his motion to vacate pursuant to 28 U.S.C. § 2255.

[DE 37]. For the following reasons, petitioner's motion to reconsider is denied.

## BACKGROUND

Mr. Burton was sentenced on April 15, 2008 to a total term of 190 months' imprisonment

for a being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (count one)

and possession with intent to distribute more than 5 grams of cocaine base (rack) in violation of

21 U.S.C. § 841(a)(1) (count two). He did not file a direct appeal. On December 12, 2013, he

filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he

relied on the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d

237 (4th Cir. 2011) (en banc), to argue that he was erroneously sentenced as an armed career

criminal under 18 U.S.C. § 924(e) and as a career offender under the sentencing guidelines. [DE

26]. This Court dismissed the § 2255 as untimely by order filed March 12, 2014. [DE 33].

Shortly thereafter, Mr. Burton then filed the instant motion for reconsideration of the Court's

March 12, 2014, order dismissing his § 2255 motion, in light of *Whiteside v. United States*, 748

F.3d 541 (4th Cir. 2014), *rev'd* 775 F.3d 180 (4th Cir. 2014) (en banc), *cert. denied* 135 S.Ct.

2890 (2015). [DE 37]. The government requested a stay pending issuance of the mandate in *Whiteside*. The Court granted the government's motion and the case was stayed. [DE 39].

DISCUSSION

At the outset, the Court lifts the stay in this matter previously entered to allow for resolution of matters before the court of appeals. After petitioner filed the instant motion based on the panel decision in *Whiteside*, the Fourth Circuit Court of Appeals, sitting en banc, vacated the panel decision and affirmed the district court's dismissal of the petition as untimely, holding that a subsequent court of appeals decision does not count as a "new fact" for the purposes of § 2255(f)(4). *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc). The court further held that equitable tolling is unavailable where "the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success. *Id.* at 186. The Supreme Court declined to grant certiorari. *Whiteside v. United States*, 135 S.Ct. 2890 (2015). Then, in April 2015, the Fourth Circuit held that, even if timely filed, a challenge to the erroneous application of the career offender enhancement is not cognizable on collateral review. *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015) *cert denied*, 135 S.Ct. 2850 (2015).

In light of this subsequent case law, Mr. Burton's motion to reconsider fails. *Foote* makes clear that any challenge to his designation as a career offender is not cognizable under § 2255. Although the challenge to his status as an armed career criminal is cognizable, *Whiteside* renders his motion untimely under § 2255(f)(4). *Whiteside* similarly forecloses any argument Mr. Burton has that equitable tolling renders his petition timely, as the only reason he gives for not filing within one year of his conviction becoming final is the futility of filing prior to the decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

2

The Court further finds that petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is denied.

CONCLUSION

For the reasons discussed above, the stay in this matter is LIFTED, and petitioner's motion for reconsideration [DE 37] is DENIED. A certificate of appealability is DENIED.

SO ORDERED this ___ day of August, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE