IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:07-CR-294-BO
No. 5:16-CV-198-BO

| | |
|---|---|
| HERBERT SIRVAN MARQUET BURTON, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | ORDER |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 50]. The government has responded to the motion, conceding that the relief which petitioner seeks is warranted.

## BACKGROUND

On December 12, 2007, petitioner pleaded guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924, (Count One) and possession with intent to distribute more than five gram of cocaine base, in violation of 21 U.S.C. § 841(a) (Count Two). Petitioner was sentenced to 190 months imprisonment on each count, to be served concurrently. On December 5, 2013, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was dismissed on March 12, 2014. The Fourth Circuit authorized petitioner to file a second § 2255 motion, which he did on June 21, 2016. That motion was stayed pending *Beckles v. United States*, 137 S.Ct. 886 (2017), and moved out of abeyance on August 25, 2017.

DISCUSSION

Petitioner contends, *inter alia*, that he is no longer properly classified as an armed career criminal in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S.Ct. at 2557. In *Welch*, the Supreme Court held that *Johnson* applies retroactively on collateral review. 136 S.Ct. at 1265.

The government has found that application of *Johnson* means that petitioner is not an armed career criminal under 18 U.S.C. § 924(e). This Court agrees. The government requests that the Court decline to hold a resentencing hearing, and merely correct Mr. Burton's sentence on count one, as his sentence on count two is unaffected by *Johnson*. But having determined that Mr. Burton's sentence as sentenced is unlawful, the Court in its discretion will hold a full resentencing hearing in this case. *See United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007).

Review of Mr. Burton's presentence report reveals that the armed career criminal enhancement drove his advisory sentencing guidelines range calculation, and thus the advisory range must be recalculated without the now unlawful enhancement. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.").

## CONCLUSION

Accordingly, petitioner's amended motion to vacate pursuant to 28 U.S.C. § 2255 [DE 50] is GRANTED, petitioner's sentence is hereby VACATED, and this matter shall be set for resentencing by separate notice. The previous motions related to petitioner's sentence [DE 42 and 45] are therefore terminated as MOOT.

SO ORDERED, this __16__ day of November, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE